UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

**Jack A Cortens,**                                            Case No. 1-19-43447-cec

                                                                Chapter 7

                                                                **HON. Carla E. Craig**

              Debtor(s).
-------------------------------------------------------------------x

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
(*Final Judgment of Foreclosure Obtained*)

**TO:    THE HONORABLE CARLA E. CRAIG**
        **UNITED STATES BANKRUPTCY JUDGE**

       Secured Creditor, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.    Debtor(s), Jack A Cortens, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on June 5, 2019.

2.    Secured Creditor filed a foreclosure complaint against the Debtor(s) on May 15, 2013 in the Supreme Court of the State of New York in and for Kings County, Index No.: 9096/2013, due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property located at 153 MacDougal Street, Brooklyn, NY 11233, in Kings County, and legally described as:

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of MacDougal Street, distant 275 feet Easterly from the corner formed by the intersection of the Northerly side of MacDougal Street and the Easterly side of Saratoga Avenue.

RUNNING THENCE Northerly parallel with Saratoga Avenue, 100 feet.

THENCE Easterly parallel with MacDougal Street, 25 feet.

THENCE Southerly and agian parallel with Saratoga Avenue, 100 feet to the Northerly side of MacDougal Street.

THENCE Westerly along the Northerly side of MacDougal Street, 25 feet, to the point or place of BEGINNING.

PREMISES KNOWN AS:

153/157 MACDOUGAL STREET
BROOKLYN, NEW YORK
BLOCK: 1526  LOT: 49

3.   A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on February 27, 2019 in the amount of $865,058.75. A true and accurate copy of the Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s). In addition, the debtor is in default in the amount of $566,494.84. A true and accurate copy of Secured Creditor's statement in regard to indebtedness and default is attached hereto as Exhibit "B."

4.   The stated value of the property is $1,184,000.00. See Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

5.      As of the date of this Motion, the Debtor has not filed Statement of Intentions or Schedule C pertaining to the property; therefore, the treatment of the subject property is unclear. The Trustee has not abandoned the property.

6.      Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest.  Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

7.      If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

8.      Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

9.      The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Secured Creditor.

10.     No previous application has been made for the relief request herein**.**

11.     Secured Creditor requests approval of legal fees in amount of $750.00 and costs in the amount of $181.00 associated with this motion.  Such fees and costs would not be collectable from the Debtor or chargeable to the Debtor's Bankruptcy estate.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, and for any such further relief as this Honorable Court deems just and appropriate.

Dated: June 19, 2019
      Westbury, NY

                        By: /s/ Barbara Whipple
                        Barbara Whipple, Esq.
                        Attorneys for Movant
                        900 Merchants Concourse, Suite 310
                        Westbury, New York 11590
                        516-280-7675
                        bwhipple@rasflaw.com