**EXHIBIT "A"**

At Part _FPP-1_ of the Supreme Court of the State of
New York, held in and for the County of KINGS at
the Courthouse thereof, 360 Adams St., Brooklyn,
NY 11201, on the _27th_ day of
_February_, 2019.

P R E S E N T: <u>Honorable Noach Dear . J.S.C.</u>

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X

NATIONSTAR MORTGAGE LLC,

Plaintiff,

vs.

JACK CORTENS AKA CORTENS JACK; NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD; DAWN WILLIAMS,

Defendants.

----------------------------------------------------------------X

INDEX NO.: 9096/2013 - MS#4

**ORDER CONFIRMING REFEREE
REPORT AND JUDGMENT OF
FORECLOSURE AND SALE**

MORTGAGED PROPERTY:
153 MACDOUGAL STREET
BROOKLYN, NY 11233

COUNTY: KINGS

BL#: Block 1526, Lot 49

      UPON reading the Summons, Complaint and Notice of Pendency filed in this action on

May 15, 2013, the Notice of Motion dated _Dec. 28_, 2018, the affirmation of

Matthew Rothstein, Esq. and the exhibits annexed thereto, and upon the affidavit of merit and

amount due by Tracy Armstrong who is Document Execution Specialist of Nationstar Mortgage

LLC, duly sworn to on April 20, 2017; together with the exhibits attached thereto, all in support

of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

UPON proof that each of the Defendants herein have been duly served with the Summons and Complaint in this action, and has voluntarily appeared either personally or by their respective attorneys or have not served any answer to the Complaint or otherwise appeared, nor had their time to so do extended; and Plaintiff having established to the court's satisfaction that judgment against the defendants is warranted;

UPON the affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii); and

UPON proof that non-appearing defendants are not absent, in accordance with RPAPL §1321(2);

AND the court held a mandatory settlement conference in this action pursuant to CPLR §3408. A settlement was not reached and the case was released from the settlement conference part on September 25, 2013;

A Referee had been appointed to compute the amount due to the Plaintiff upon the bond/note and mortgage set forth in the Complaint, and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of DORON AVIRAM LEIBY, ESQ. dated November 7, 2018, showing the sum of $865,058.75 due as of June 30 and that the mortgaged property cannot be sold in parcels; and

UPON proof of due notice of this application upon all parties entitled to receive same, and upon all of the prior proceedings and papers filed herein;

NOW, on motion by Matthew Rothstein, Esq., attorney for the Plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report be, and the same is, hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged property described in the Complaint in this action and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days from the date of this Judgment, in one parcel, at public auction at the _____Kings County Supreme Court_____ by and under the direction of DORON AVIRAM LEIBY, Esq., who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL §231 in _____The Brooklyn Daily Eagle_____; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2(c) ("Disqualifications from appointment"), and §36.2(d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is the Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED that in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall immediately and on the same day be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in _a   bank of his choosing_ in his/her own name as Referee, in accordance with CPLR 2609; and it is further

ORDERED, ADJUDGED AND DECREED that after the property is sold the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be had thirty (30) days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED, AND DECREED that if the Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-l of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within one hundred eighty (180) days of the execution of the deed of sale, or (b) within ninety (90) days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED, AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property

at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED, AND DECREED, that the Referee then deposit the balance of said proceeds of sale in her/his own name as Referee in _a bank of his choosing_ and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), not to exceed $500.00 unless the property sells for $50,000.00 or more -OR- in the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $___250___ for each adjournment or cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute, and any other amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

Amount Due per Referee's Report: $765,058.75 with interest at the note rate from June 30, 2018, together with any advances together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

Costs and Disbursements: $  1515   adjudged to the Plaintiff for costs and disbursements in this action, with interest at the statutory judgment rate from the date of entry of this judgment;

Additional Allowance: $ 0   is hereby awarded to the Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

Attorney Fees: $ 0   is hereby awarded to the Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

FIFTH: Surplus monies arising from the sale shall be paid into court by the officer conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First" , "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that if there is a surplus after applying the balance of the bid, the Plaintiff shall pay that amount to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds; and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First," "Second, "Third" and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against JACK CORTENS in accordance with RPAPL §1371 if permitted by law; and it is further

ORDERED, ADJUDGED, AND DECREED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition on the day of the sale subject to any state of facts that an inspection of the property would disclose; any state of facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR §317, §2003 and §5015 or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property on production of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR §308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the

filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within thirty days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless the Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 153 MACDOUGAL STREET, BROOKLYN, NY 11233. The legal description of the mortgaged property referred to herein is annexed hereto as Schedule "A".

ORDERED, that the Plaintiff shall serve a copy of the Notice of Sale upon the Owner of Equity of Redemption at both his/her last known address and the property address (affidavit of such service shall be presented to the Foreclosure Clerk on or before the auction sale) and upon the Foreclosure Department at least ten (10) days prior to the scheduled sale

ENTER,

HON. NOACH DEAR                J.S.C.

2019 MAR -7 AM 9:47
FILED
KINGS COUNTY CLERK

## Schedule A - Description of the Premises

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of MacDougal Street, distant 275 feet Easterly from the corner formed by the intersection of the Northerly side of MacDougal Street and the Easterly side of Saratoga Avenue.

RUNNING THENCE Northerly parallel with Saratoga Avenue, 100 feet.

THENCE Easterly parallel with MacDougal Street, 25 feet.

THENCE Southerly and again parallel with Saratoga Avenue, 100 feet to the Northerly side of MacDougal Street.

THENCE Westerly along the Northerly side of MacDougal Street, 25 feet, to the point or place of BEGINNING.

Index No.: 9096/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

NATIONSTAR MORTGAGE LLC,

Plaintiff,

vs.

JACK CORTENS AKA CORTENS JACK; NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD; DAWN WILLIAMS,

Defendants.

# JUDGMENT OF FORECLOSURE AND SALE

**RAS Boriskin, LLC**
*Attorneys for Plaintiff*
900 Merchants Concourse, Suite 310
Westbury, NY 11590
Telephone: 516-280-7675
Facsimile: 516-280-7674



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X

NATIONSTAR MORTGAGE LLC,

                    Plaintiff,

       vs.

JACK CORTENS AKA CORTENS JACK; NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD; DAWN WILLIAMS,

                   Defendants.

------------------------------------------------------------X

INDEX NO.: 9096/2013

**COSTS TO PLAINTIFF**

MORTGAGED PROPERTY:
153 MACDOUGAL STREET
BROOKLYN, NY 11233

COUNTY: KINGS

BL#: Block 1526, Lot 49

Costs at $ _1515_
This _7th_ day of _March_ 20_19_
_Mary T Sul_
Clerk of Court  Kings County

**COSTS**

| | |
|---|---|
| Costs before Note of Issue - CPLR 8201(1) . . . . . . . . . . . | $200.00 |
| Allowance by statute - CPLR 8302(a)(b) . . . . . . . . . . . . | $150.00 |
|     First $200.00 at 10% . . . . . . . . . . . . . . $20.00 | |
|     Next $800.00 at 5% . . . . . . . . . . . . . . . $40.00 | |
|     Next $2000.00 at 2% . . . . . . . . . . . . . . $40.00 | |
|     Next $5000.00 at 1% . . . . . . . . . . . . . . $50.00 | |
| Additional allowance - CPLR 8302(d) . . . . . . . . . . . . . . | $50.00 |
| | _400_ |

**FEES AND DISBURSEMENTS**

| | | |
|---|---|---|
| Fee for index number - . . . . . . . . . . . . . . . . . . . . . . . | CPLR 8018(a) | $400.00 |
| Referee's fee to compute, per order of the court - . . . | CPLR 8003(a) | ~~$250.00~~ _50_ |
| Request for judicial intervention . . . . . . . . . . . . . . . | CPLR 8020(a) | $95.00 |
| Clerk's fee for filing of Notice of Pendency - . . . . . . | CPLR 8021(a)(10) | $70.00 |
| Motion fees - . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | CPLR 8020(a) | $90.00 |
| _Search_ | | _340_ |
| _Postage_ | | _18_ |
| _Service_    Total . . . . . . . . . . . . . . . | | ~~$1,305.00~~ _95_ |
| | | _1515_ |

## ATTORNEY'S AFFIRMATION

The undersigned, Matthew Rothstein, Esq., pursuant to CPLR 2106 and under penalties of perjury affirms as follows:

That he/she is the attorney of record for the Plaintiff in the above captioned action; that the foregoing disbursements have been incurred in this action and are reasonable in amount and that the copies of documents or papers as charged herein were actually and necessarily obtained for use.

Dated: Dec. 28, 2017
Westbury, NY

RAS BORISKIN, LLC

By: Matthew Rothstein, Esq.
*Attorneys for Plaintiff*
900 Merchants Concourse, Suite 310
Westbury, NY 11590

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK (BROOKLYN)
----------------------------------------------------------------x

In re:

**Jack A Cortens,**

Case No. 1-19-43447-cec
Chapter 7

**HON. Carla E. Craig**

Debtor(s).
----------------------------------------------------------------x

## RELIEF FROM STAY – REAL ESTATE AND COOPERATIVE APARTMENTS

### BACKGROUND INFORMATION

1. ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT: 153 MacDougal Street, Brooklyn, NY 11233

2. LENDER NAME: NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER

3. MORTGAGE DATE: July 31, 2008

4. POST-PETITION PAYMENT ADDRESS: Nationstar Mortgage LLC d/b/a Mr. Cooper, Attn: Bankruptcy Dept., PO Box 619094, Dallas, TX 75261-9741

### DEBT AND VALUE REPRESENTATIONS

5. TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AS OF THE MOTION FILING DATE: $1,073,871.69
*(THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.)*

6. MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS OF THE MOTION FILING DATE: $1,184,000.00

7. SOURCE OF ESTIMATED MARKET VALUE: County Tax Assessor

## STATUS OF THE DEBT AS OF THE PETITION DATE

8. DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF THE PETITION DATE:

| | | |
|---|---|---|
| A. | Total: | **$1,073,871.69** |
| B. | Principal: | **$503,395.97** |
| C. | Interest: | **$378,804.63** |
| D. | Escrow (taxes and insurance): | **$135,684.49** |
| E. | Forced placed insurance expended by movant: | **$0.00** |
| F. | Pre-petition attorneys' fees charged to debtor(s): | **$0.00** |
| G. | Pre-petition late fees charged to debtor(s): | **$0.00** |

9. CONTRACT INTEREST RATE: 7.00%
*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE: Corporate Advances $55,986.60

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

THE PRE-PETITION DEFAULT AMOUNT IS $566,494.84 BASED UPON 31 MISSED PAYMENTS IN THE AMOUNT OF $3,898.89, 11 MISSED PAYMENTS IN THE AMOUNT OF $6,628.64, 12 MISSED PAYMENTS IN THE AMOUNT OF $4,572.64, 12 MISSED PAYMENTS IN THE AMOUNT OF $5,416.65, 27 MISSED PAYMENTS IN THE AMOUNT OF $4,098.56, 9 MISSED PAYMENTS IN THE AMOUNT OF $3,875.48, 7 MISSED PAYMENTS IN THE AMOUNT OF $3,824.23, 5 MISSED PAYMENTS IN THE AMOUNT OF $3,841.50, 7 MISSED PAYMENTS IN THE AMOUNT OF $4,631.38, 5 MISSED PAYMENTS IN THE AMOUNT OF $4,163.56, 2 MISSED PAYMENTS IN THE AMOUNT OF $4,043.86

## AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE

11. DATE OF RECEIPT OF LAST PAYMENT: 12/21/2009

12. NUMBER OF PAYMENTS DUE FROM PETITION DATE TO MOTION FILING DATE: 0 PAYMENTS.

13. POST-PETITION PAYMENTS IN DEFAULT:

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| TOTAL: | N/A | N/A | N/A | N/A | N/A | N/A |

14. OTHER POST-PETITION FEES CHARGED TO DEBTOR(S):

| | |
|---|---|
| A. TOTAL: | $931.00 |
| B. ATTORNEYS' FEES IN CONNECTION WITH THIS MOTION: | $750.00 |
| C. FILING FEE IN CONNECTION WITH THIS MOTION: | $181.00 |
| D. OTHER POST-PETITION ATTORNEYS' FEES: | $0.00 |
| E. POST-PETITION INSPECTION FEES: | $0.00 |
| F. POST-PETITION APPRAISAL/BROKER'S PRICE OPINION FEES: | $0.00 |
| F. FORCED PLACED INSURANCE EXPENDED BY MOVANT: | $0.00 |

15. AMOUNT HELD IN SUSPENSE BY MOVANT: $0.00

16.    OTHER POST-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE:

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

## REQUIRED ATTACHMENTS TO MOTION

PLEASE ATTACH THE FOLLOWING DOCUMENTS TO THIS MOTION AND INDICATE THE EXHIBIT NUMBER ASSOCIATED WITH EACH DOCUMENT.

(1)     COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S INTEREST IN THE SUBJECT PROPERTY. FOR PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE PROMISSORY NOTE OR OTHER DEBT INSTRUMENT TOGETHER WITH A COMPLETE AND LEGIBLE COPY OF THE MORTGAGE AND ANY ASSIGNMENTS IN THE CHAIN FROM THE ORIGINAL MORTGAGEE TO THE CURRENT MOVING PARTY. (EXHIBIT A.)

(2)     COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S STANDING TO BRING THIS MOTION. (EXHIBIT A.)

(3)     COPIES OF DOCUMENTS THAT ESTABLISH THAT MOVANT'S INTEREST IN THE REAL PROPERTY OR COOPERATIVE APARTMENT WAS PERFECTED. FOR THE PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE FINANCING STATEMENT (UCC-1) FILED WITH THE CLERK'S OFFICE OR THE REGISTER OF THE COUNTY IN WHICH THE PROPERTY OR COOPERATIVE APARTMENT IS LOCATED. (EXHIBIT A.)

## DECLARATION AS TO BUSINESS RECORDS

I, Chastity Wilson                          , THE Assistant Secretary                                OF Nationstar Mortgage LLC DBA Mr. Cooper THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS FORM AND ANY EXHIBITS ATTACHED HERETO (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1 ,2, AND 3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE OF THOSE MATTERS; THAT THE RECORDS WERE KEPT IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS FORM AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE, ARE TRUE AND CORRECT COPIES OF THE ORIGINAL DOCUMENTS.

EXECUTED AT Lewisville, Texas
ON THIS June 18 DAY OF June            , 20 19

Chastity Wilson
Assistant Secretary of Nationstar Mortgage LLC
d/b/a Mr. Cooper

*Chastity Wilson*
<NAME> <TITLE>
Nationstar Mortgage LLC d/b/a Mr. Cooper
8950 Cypress Waters Blvd
Coppell, Texas 75019

## DECLARATION

I, Chastity Wilson                          , THE Assistant Secretary                                OF Nationstar Mortgage LLC DBA Mr. Cooper          , THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE OF THE MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT Lewisville, Texas
ON THIS 18 DAY OF June            , 20 19

Chastity Wilson
Assistant Secretary of Nationstar Mortgage LLC
d/b/a Mr. Cooper

*Chastity Wilson*
Affiant
<NAME> <TITLE>
Nationstar Mortgage LLC d/b/a Mr. Cooper
8950 Cypress Waters Blvd
Coppell, Texas 75019

EXHIBIT "C"



**NOTICE OF PROPERTY VALUE**
Tax Year 2019-20
**(This is not a bill.)**

**January 15, 2019**

JACK, CORTENS
153 MACDOUGAL ST
BROOKLYN NY  11233-2668

**Owner(s)**
JACK, CORTENS

**Property Address**
153 MAC DOUGAL STREET

**Borough:** 3   **Block:** 1526   **Lot:** 49

**Tax Class:** 1   **Building Class:** C0   **Units:** 3 residential

---

## YOUR NOTICE OF PROPERTY VALUE (NOPV) AT A GLANCE

**2019-20 Market Value:**        $1,184,000

**2019-20 Assessed Value:**      $16,171

**Your property tax exemptions:**   None

**See below for an estimate of your 2019-20 property tax.**

---

## WHAT IS THIS NOTICE?

This is your annual notice of property value, or NOPV. **It is not a bill, and no payment is required**. This notice will:

- Inform you of our assessment of your property for tax year 2019-20, and tell you how to challenge it if you believe there is a mistake.
- Explain how property taxes are calculated.
- Provide an estimate of your property tax for tax year 2019-20.

Please keep a copy of this notice with your records. You may also view your NOPV and property tax bills online at www.nyc.gov/nopv.

## ESTIMATED 2019-20 PROPERTY TAX

We cannot calculate your 2019-20 property tax until the new tax rate is established by the city council. Until then, you will pay the 2018-19 rate. Many factors influence the amount you will owe, including the value of any exemptions you receive.  See page two for details about how property tax is calculated.

The table below estimates the amount you will owe by multiplying the taxable value of your property by the current tax rate of 20.919%.  This table is provided for informational purposes only; the actual amount you owe may differ, depending on the 2019-20 tax rate and the value of your exemptions and abatements.

| Year | Taxable Value | | Tax Rate | | Estimated Property Tax |
|------|--------------|---|----------|---|------------------------|
| 2019-20 | $16,171 | x | 0.20919 | = | $3,382.81 |

## KEY DATES

**March 15, 2019**
Last day to challenge your market or assessed value. (*See page 2.*)

**March 15, 2019**
Last day to apply for a tax exemption.  (S*ee page 3.*)

**July 1, 2019**
2019-20 tax year begins.

**November 2019**
2019-20 tax rate is determined.

**January 2020**
First bill with the new tax rate.

**To learn more, visit**

**www.nyc.gov/nopv**



## ABOUT YOUR PROPERTY TAXES

Property taxes are determined using a complex formula that takes into account many different amounts and calculations. Visit www.nyc.gov/nopv for more information about property valuation and taxation.

| | |
|---|---:|
| First, we estimate the **MARKET VALUE** of your property. | **$1,184,000** |

We start by looking at the selling prices of properties in your neighborhood with characteristics similar to those in the description of your property that appears on page three of this notice. We then use statistical analysis to determine your market value.

| | |
|---|---:|
| Next, we determine the **ASSESSED VALUE** of your property. | **$16,171** |

We multiply your market value by an assessment ratio to determine the assessed value of your property. The assessment ratio for properties in tax class 1 is 6% for 2019-20; this is the maximum percentage of market value at which your assessed value can be set. However, there are caps on how much your property's assessed value can increase. Under state law, your assessed value cannot increase more than 6% per year or 20% over five years, regardless of increases to your property's market value, unless the increases are due to construction or renovations.

| | |
|---|---:|
| From there we are able to determine your **EFFECTIVE MARKET VALUE**. | **$269,516** |

After applying the legal caps on your assessed value, we are able to determine your effective market value, which is the market value you are "effectively" paying taxes on. The effective market value is computed by dividing your assessed value by 6%. This number will be important should you choose to challenge our determination of your market value, as your property tax will not go down unless you can prove that your market value should be lower than the effective market value.

| | |
|---|---:|
| Next we subtract the value of any **EXEMPTIONS** you receive. | **$0** |

If you receive any exemptions, we subtract their value - your exemption value - from your property's assessed value. Your exemption value is used to calculate your taxable value (see below); it is not the dollar amount that you will save on your property taxes.

| | |
|---|---:|
| The result is your **TAXABLE VALUE**. | **$16,171** |

After subtracting the value of any exemptions you receive, we arrive at your property's taxable value. The amount you owe in property taxes is determined by applying the city's property tax rate, which is currently 20.919%, to your taxable value. Any abatements that you receive are then applied to reduce your tax bill.

## WHAT TO DO IF YOU DISAGREE WITH THESE VALUES

| **Challenge Your Market Value**<br>with the Department of Finance | **Challenge Your Assessed Value**<br>with the New York City Tax Commission |
|---|---|
| If you believe the Department of Finance has made an error in determining your market value, you may submit a "Request for Review" form. The form is available at www.nyc.gov/nopv, or by calling 311.<br><br>Many property owners consider challenging their market value in hopes of reducing their property tax. However, your property tax will not go down unless you can prove that the market value should be lower than the effective market value.<br><br>**Deadline: March 15, 2019** | You have the right to challenge your assessed value by appealing to the New York City Tax Commission, an independent agency that is separate from the Department of Finance. The Tax Commission has the authority to reduce your property's assessed value, change its tax class, and adjust your tax exemptions. The Tax Commission cannot change your market value, property description, or building class.<br><br>Your application must be received by the filing deadline. To access Tax Commission appeal forms, visit www.nyc.gov/taxcommission. You may also visit a Department of Finance business center (locations at www.nyc.gov/nopv). For more information, call 311.<br><br>**Deadline: March 15, 2019** |

## PLEASE REVIEW: YOUR PROPERTY DETAILS

The Department of Finance has the following information on record for your property.  Please review this information and inform us of any errors by filing a "Request to Update" form, available at www.nyc.gov/nopv or by calling 311.

**Owner(s):**  JACK, CORTENS

**Building Class:**  C0 (Walk-up apartments)

**Borough:**  3  (Brooklyn)

**Block:**  1526

**Lot:**  49

| | | | | | |
|---|---|---|---|---|---|
| **Primary Zoning** | R6 | **Lot Frontage** | 25.25 ft | **Lot Depth** | 100.00 ft |
| **Lot square feet** | 2,525 | **Lot Shape** | Regular | **Lot Type** | Inside |
| **Proximity** | Inside | **Building Frontage** | 25.00 ft | **Building Depth** | 40.00 ft |
| **Number of Buildings** | 1 | **Style** | Old Style | **Year Built** | 1910 |
| **Exterior Condition** | Average | **Finished Sq. Ft.** | 3,000 | **Unfinished Sq. Ft.** | 0 |
| **Commercial Units** | 0 | **Commercial Sq. Ft.** | 0 | **Residential Units** | 3 |
| **Garage Type** | N/A | **Garage Sq. Ft.** | 0 | **Basement Grade** | None |
| **Basement Sq. Ft.** | 0 | **Basement Type** | | **Construction Type** | Frame |
| **Exterior Wall** | Aluminum/Vinyl | **Number of Stories** | 3.00 | | |

## WHAT'S CHANGED:  COMPARING TAX YEARS 2018-19 AND 2019-20

| | Current Year (2018-19) | Next Year (2019-20) | Change |
|---|---|---|---|
| **Market Value** | $914,000 | $1,184,000 | +$270,000 |
| **Assessment Percentage** | 6% | 6% | - - |
| **Assessed Value** | $15,258 | $16,171 | +$913 |
| **Effective Market Value** | - - | $269,516 | - - |
| **Exemption Value** | $0 | $0 | +$0 |
| **Taxable Value** | $15,258 | $16,171 | +$913 |

## HOMEOWNER TAX EXEMPTIONS

New York City offers tax breaks known as exemptions to seniors, veterans, clergy members, people with disabilities, and others. In addition to reducing your taxes, many exemptions can keep you out of the lien sale.  See the enclosed sheet for more information about the lien sale.

The deadline to apply for homeowner exemptions is March 15, 2019. For more information, visit www.nyc.gov/nopv or call 311.

New York State offers a STAR benefit that covers many homeowners and an Enhanced STAR benefit for seniors. If you applied with the state for the STAR or Enhanced STAR credit after March 15, 2015, the credit will not appear on this notice. Visit www.tax.ny.gov/star for more information.

## COOP-CONDO TAX ABATEMENT

Owners of cooperative units and condominiums can receive an abatement that will help them save money on their property taxes. Your unit must be in an eligible building and it must be your primary residence.

Your managing agent or board of directors must apply on your behalf and certify that the unit is your primary residence. The deadline is February 15, 2019. Please contact your managing agent or board of directors with any questions.

If you need additional information, or if you do not have a managing agent, contact the Department of Finance at www.nyc.gov/contactcoopabat, or call 311.

# HOW TO GET HELP

## CONTACT THE DEPARTMENT OF FINANCE

If you have questions about any of the information in this notice, contact the New York City Department of Finance:

**Online**:        www.nyc.gov/nopv

**Phone**:        Dial 311. (Outside NYC or for relay service, call 212-639-9675.)

**Mail**:        NYC Department of Finance
Correspondence Unit
1 Centre St, 22nd Fl
New York, NY 10007

**In Person**:        Visit a DOF business center (locations at www.nyc.gov/nopv) or attend a Department of Finance outreach event (details below).

## DEPARTMENT OF FINANCE OUTREACH EVENTS

Receive one-on-one help with your notice of property value.  Call 311 or visit www.nyc.gov/nopv to confirm dates and locations and find other events in your borough. Bring your NOPV to the event.

| MORNING EVENTS (10 A.M. - 12 P.M.) | |
| --- | --- |
| **February 5**<br>Bronx | Bronx Borough President's Office<br>851 Grand Concourse, Rotunda |
| **February 6**<br>Manhattan | David N. Dinkins Municipal Building<br>1 Centre St, Mezzanine North |
| **February 7**<br>Brooklyn | Brooklyn Borough Hall<br>209 Joralemon St |
| **February 12**<br>Queens | Queens Borough Hall<br>120-55 Queens Blvd, Atrium |
| **February 14**<br>Staten Island | Staten Island Borough Hall<br>10 Richmond Terrace, Room 125 |

| EVENING EVENTS (5 - 7 P.M.) | |
| --- | --- |
| **February 13**<br>Manhattan | David N. Dinkins Municipal Building<br>1 Centre St, Mezzanine North |
| **February 19**<br>Brooklyn | Brooklyn Borough Hall<br>209 Joralemon St |
| **February 20**<br>Queens | Queens Borough Hall<br>120-55 Queens Blvd, Atrium |
| **February 21**<br>Bronx | Bronx Borough President's Office<br>851 Grand Concourse, Rotunda |
| **February 25**<br>Staten Island | Staten Island Borough Hall<br>10 Richmond Terrace, Room 125 |

## OFFICE OF THE TAXPAYER ADVOCATE

If you have made a reasonable effort to resolve a tax issue with the Department of Finance but feel that you have not received a satisfactory response, the Office of the Taxpayer Advocate can help. For assistance, visit www.nyc.gov/taxpayeradvocate and complete form DOF-911, "Request for Help from the Office of the Taxpayer Advocate."

**Email**:        DOFTaxpayerAdvocate@finance.nyc.gov
**Call**:        212-312-1800
**Mail**:        NYC Office of the Taxpayer Advocate, 253 Broadway, 6th Floor, New York, NY 10007

**If due to a disability you need an accommodation in order to apply for and receive a service or participate in a program offered by the Department of Finance, please contact the Disability Service Facilitator at www.nyc.gov/contactdofeeo or by calling 311.**